T. M. GREENING v. JAS. W. KEEL ET AL.

No. 2578.

**1. Charge Must Submit the Issues.**—Plaintiffs claimed as heirs of one Solomon Keel to whom the land was patented, and they proved heirship of one Dr. Solomon Keel, and that he had located the land and had obtained a patent. The defendant proved the existence of another Solomon Keel, residing in Peters' Colony, under which the certificate was issued, with testimony that the land certificate was issued to him and that the Dr. Solomon did not reside in the colony. *Held,* Error to refuse to submit to the jury the issue as to the identity of the person to whom the certificate was issued.

2. **Land Certificate and Patent.**—It would not affect the ownership of the land granted to the owner of the certificate for another of the same name to locate the land by virtue of the certificate and to obtain the patent.

APPEAL from Grayson. Tried below before Hon. E. D. McClellan A statement is in the opinion.

*E. C. McLean* and *Hare, Edmondson & Hare*, for appellant. — The court erred in virtually charging that if a person of the same name as the name in a land certificate should cause the land to be located and surveyed such acts would confer title upon the locator and not in the person named in the certificate. Pas. Dig., arts. 844 and 4290; Shifflet v. Moorelle, 68 Texas, 382; Barker v. Swenson, 66 Texas, 407; Harvey v. Cummings, 68 Texas, 599; Hickman v. Gillum, 66 Texas, 314.

The court erred in refusing to charge the jury that the issuance of a patent to the grantee named in the certificate vested the title in the person for whose benefit the certificate issued. Pas. Dig., art. 4286; Rev. Stats., art. 3953; Smithwick v. Andrews, 24 Texas, 488; Hickman v. Gillum, 66 Texas, 314.

*C. N. Buckler*, for appellees, cited Gullett v. O'Connor, 54 Texas, 416; Martin v. Brown, 62 Texas, 488; Miller v. Moss, 65 Texas, 182; De Montel v. Speed, 53 Texas, 339; Dotson v. Moss, 58 Texas, 152.

WALKER, ASSOCIATE JUSTICE.—This is an appeal from a judgment in favor of appellees, who sued as heirs of Solomon Keel for 320 acres of land, surveyed and patented by virtue of certificate No. 314, issued April 20, 1850, by the Commissioner of Peters' Colony.

The defendant pleaded limitation and not guilty. The defense was limited to testimony tending to show that the grantee of the land was not the ancestor of the plaintiffs, but was another Solomon Keel, to show a legal outstanding title.

The testimony showed that the plaintiffs were the heirs of one Dr. Solomon Keel, who it appeared had caused the survey to be made and had obtained the patent. The defendant proved the residence in Peters' Colony of another Solomon Keel, with testimony tending to show that the certificate No. 314 was issued to him. It was also shown that the residence of Dr. Solomon Keel was not within the colony.

Without detailing the testimony nor commenting upon it, it is sufficient to say that the evidence was such that had the verdict been for the defendant it would not have been set aside as without or against evidence and that testimony was necessary to the identity of Dr. Solomon Keel and to his connection with the land to entitle plaintiffs to recover.

The court charged the jury: "If you find from the evidence that Solomon Keel, the ancestor of the plaintiff, was the same person who located

and caused to be surveyed the land in controversy and to whom the patent adduced in evidence was granted, then you will find for plaintiffs."

The defendant asked the court to instruct the jury: "1. The certificate by virtue of which the land in question was located was granted to Solomon Keel and the patent is issued upon said certificate in the name of Solomon Keel, which patent vested the legal title in the person to whom the certificate was in fact granted.

"2. If you believe from the evidence that there were two men in Peters' Colony by the name of Solomon Keel you will determine from the evidence to which one of said men of that name the certificate was in fact granted. If you believe from the testimony that the certificate upon which the patent to the land in controversy was in fact granted and issued to and in right of a Solomon Keel who was a different man from the Dr. Solomon Keel under whom plaintiffs claim, then the legal title to the land is in the Solomon Keel to whom the certificate was in fact granted, and you will find for the defendant."

It is self-evident that the grantee of a land certificate who has not parted with the ownership is the owner of the land located and patented under it, and such owner has the legal title. If the charge of the court was intended to convey any other rule, as does the literal meaning of the charge, then it was not the law, even if the Dr. Solomon Keel did locate the certificate and obtain the patent when the certificate had not been granted to him. If he did not own the certificate he did not own the land.

This defect was sought to be remedied by the charges asked by the defendant and which were refused. The charges asked presented the issue of fact made by the testimony. It was the duty of the court to submit it. The refusal was error, for which the judgment must be reversed.

*Reversed and remanded.*

Opinion December 4, 1888.