GULF, COLORADO & SANTA FE RAILWAY COMPANY V. J. M. RICHARDS.

No. 3116.

1. **Nonexpert Opinion Testimony.**—Suit for damages by land owner, who had granted the railway company the right of way of 100 feet, with right to use such additional land as might be necessary in the construction and maintenance of the road, against the railway company. Extensive excavations were made on the right of way and outside of it in constructing an embankment through the land. The road made a cut near to the land, and it was insisted that the material from the cut should have been used in making the embankment, etc. On the trial, witnesses not experts but familiar with the grounds and the work were properly allowed to testify, "that if the road had not been constructed out of the earth alongside of it, but had been of earth taken from the excavations near by, there would have been no standing water," etc. The witnesses stated the facts upon which their opinions were based.

2. **Same—General Rule.**—In all cases where an opinion is admissible at all the nonexpert witness is qualified to express his opinion if he has seen and observed the cause and effect, and states the facts upon which the opinion is based.

3.  Same.—Although a nonexpert witness may not be able to give an accurate estimate as to quantity, etc., his opinion with the facts was competent to prove that the railway took more land than was necessary to construct its embankment.

4.  Depositions — General Interrogatory. — An interrogatory and answer were objected to as follows: "Interrogatory 13.—If there be any other fact or facts concerning this matter tending to throw any light upon the matters in controversy in this suit, and about which you may not have been specially interrogated, please state the same here? Answer.—I do not know of any further fact except that ample provision was made for waterways, and the reason why the *barrow pits* were wide opposite the lower bank is that rock was encountered near the surface." The testimony was material and pertinent to the issues. *Held*, the objection that plaintiff was not informed by the interrogatory what the answer would be, and that he had had no opportunity to cross-examine, went to the manner and form of taking the depositions, and should have been made before the trial. The exclusion was a material error.

5.  Ordinary Care in Construction of Roadbed, etc.—Ordinary care in determining the necessity, under the circumstances, of taking the earth for the embankment from plaintiff's land, was all that the plaintiff could insist upon. See charge of court erroneous in being more onerous upon the railway company.

APPEAL from Dallas.    Tried below before Hon. R. E. BURKE.
The opinion states the case.

*Leake, Shepard & Miller* and *J. W. Terry*, for appellant.—1. The opinions of the several witnesses were not admissible in evidence, because it was shown by their cross-examination that they had no knowledge of railway construction, and did not know the height or width of the banks, barrow pits, openings, etc.; wherefore their opinions were wild guesses, without any foundation whatever.    Half v. Curtis, 68 Texas, 640; Railway v. Brousard, 69 Texas, 617, 622; Mining Co. v. Fraser, 130 U. S., 611, 620; Commonwealth v. Sturtevant, 117 Mass., 122; Rogers on Expert Testimony, p. 7.

2.  The testimony of E. B. Cushing was material, being in contradiction of plaintiff's witnesses on two issues in the case, viz., as to the sufficiency of the waterways to prevent overflow, and as to the necessity for the extra space occupied by the barrow pits on account of stone being near the surface.    The witness was not only an expert railway engineer, but, as his deposition showed, he had made minute examination and measurement of the premises in controversy.    The objection to the form of the interrogatory and the answer, because not responsive, should have been made by motion before the trial, and not orally when the deposition was being read.    Wade v. Love, 69 Texas, 522.

3.  The railway company was not bound to construct its road in a manner to do the least injury to plaintiff, but had the right to build according to its own general plan, and was only bound not to do an unnecessary injury; and the charge of the court informing the jury that defendant was required to build so as to injure the property adjacent thereto as little as possible was erroneous.    Railway v. Pape, 62 Texas, 313.

*George H. Plowman* and *H. G. Robertson*, for appellee.

COLLARD, JUDGE, *Section A.*—J. M. Richards, plaintiff below, brought this suit in the District Court of Dallas County against appellant, alleging that he was the owner of certain 164 acres of land; that on March 16, 1886, he had been led to execute a deed conveying the right of way over his land to the railway company 100 feet wide, with the right to use such additional land as might be necessary in the construction and maintenance of the road. It was alleged that the deed was obtained from him by fraudulent representations, but the court below sustained exceptions to that part of the petition, and it is not before us. He alleged that the railway company had taken more of his land than was necessary; negligence in the construction of the road, causing his land to overflow; destruction of his timber outside of the right of way, leaving excavations therein in which water accumulated, causing damage to the land to the amount of $3500. The trial resulted in a verdict and judgment for plaintiff for $700, from which defendant has appealed.

The evidence adduced by plaintiff tended to establish his case as made in the petition, while that of defendant tended to show that the road had been properly constructed, with due regard to the rights of plaintiff, and that no more of the land outside the right of way had been used than was permissible under the deed.

The deed conveyed to defendant, for $125, a right of way over the land where it might be deemed most convenient, "with right to use such additional land as may be necessary for the construction and maintenance of its road and telegraph lines, * * * and to take and use water and stone therefrom." The road crossed Rutlett's Creek on the land conveyed by plaintiff, over which there was a bridge constructed by defendant, some trestling, and an embankment across the low bottom land as high as twenty feet in places, causing the water to flow back, from usual rains, upon and injuring plaintiff's land. On adjacent land belonging to one McAmis there was a cut for the road where the dirt was thrown up on the right of way. Extensive excavations, or "barrow pits," were made on the right of way and outside of it in constructing the embankment through the land of plaintiff. Rains filled up these pits and they have never dried up, the water becoming stagnant and forming on top a greenish scum.

Over objections of defendant, the court permitted McAmis, McCullum, and the plaintiff to testify, that if the railway bank had not been constructed out of the earth alongside of it out of the barrow pits, but had been constructed out of earth "taken from excavations on McAmis' adjacent land near the embankment, there would have been no standing water," etc. The objection to the testimony and the error assigned to the ruling was, that "the testimony was the opinion of the

witnesses, who were not possessed of sufficient information concerning the construction of a railway to testify as to whether or not defendant was negligent therein." The witnesses were not experts, but were familiar with the facts upon which their opinions were based, and stated the facts. They had examined the embankment, the barrow pits, and excavations, knew approximately their dimensions, depth, etc., and had seen the water standing in them. No special scientific knowledge was necessary to qualify them to form a correct opinion of the cause of the water standing in the excavations, or enable them to say that if the excavations had not been made the water would not have remained in them, or that if the dirt had been taken from the cuts on McAmis' land to construct the embankment there would have been no standing water. The testimony was not obnoxious to the objections made to it. Railway v. Klaus, 64 Texas, 293; Railway v. Jarrard, 65 Texas, 560; Railway v. Locker, 78 Texas, 279. In all the cases the rule is recognized, that if an opinion is admissible at all the nonexpert witness is qualified to express his opinion if he has seen and observed the cause and effect, and states the facts upon which the opinion is based. Railway v. Hepner, ante, p. 136. There was no error in overruling the objections made to the testimony.

The same principle applies to the testimony of plaintiff's witness Burns, who, over defendant's objections, testified, that "they (the people constructing the embankment) could have used dirt closer if they had wanted to. A large embankment runs clear through the land, except a trestle across a small branch. I think they could have done it without taking up so much land." His testimony, with that of others, showed that defendant had gone over on plaintiff's land beyond the right of way for earth and material to make the embankment. The objection to his testimony was and is, "that he had not qualified himself by showing any information upon which his opinion was given." He states the facts, the physical appearances of the land with the embankment, the holes in the land, and the pits dug on plaintiff's land. The conditions were all before him. He may not have been accurate in his statement of all the details, the height, length, and breadth of the embankment, but such inaccuracies, if any, would go to his credibility and not to his incompetency.

The testimony of plaintiff's witness Parker was like that of Burns, and was offered for the same purpose, and the same objections are made to it. He was familiar with the physical facts, and stated them inaccurately, it may be, but not with such apparent untruthfulness as to authorize the court to reject his statement and exclude his opinion. None of these witnesses were civil engineers or builders of railways, and were not required to be to qualify them to state their opinions about the *amount* or *quantity* of earth or other material taken from plaintiff's land for the embankment. It was not necessary to measure the mate-

rial left on the right of way or that used off plaintiff's land to know that more of plaintiff's land was used than was required. To know exactly how much land was unnecessarily taken measurements and calculations would have to be made, but these witnesses did not pretend to be exact, and were not called on to express an opinion further than that more of plaintiff's land was used than was necessary.

Appellant insists that "the court erred in refusing to permit defendant to read the thirteenth interrogatory to its witness E. B. Cushing and his answer thereto, as follows: 'Interrogatory 13.—If there be any other fact or facts concerning this matter tending to throw any light upon the matters in controversy in this suit, and about which you may not have been specially interrogated, please state the same here? A.—I do not know of any further fact, except that ample provision was made for waterways, and the reason why the barrow pits were made opposite the lower bank is that rock was encountered near the surface.' "

The evidence was applicable to the issues, and was material. The objection that plaintiff was not informed by the interrogatory what the answer would be, and that he had had no opportunity to cross-examine the witness about the fact deposed to, is an objection to "the manner and form of taking" the depositions, which can only be made by notice in writing before the trial. Rev. Stats., art. 2235; Wade v. Love, 69 Texas, 525, 526. It was reversible error to exclude the answer. The fact as to the nearness of stone was important, and was not stated by any other witness.

Appellant assigns as error the refusal of the court to give the following requested charge: "In arriving at a conclusion as to whether it was necessary to take land of plaintiff's beyond the right of way strip of 100 feet in width, you are instructed that the defendant would not be required to haul dirt from cuts at other places along the line, but the doing so would depend upon the reasonableness thereof. If you believe from the evidence that it has been the universal custom of railways in their construction to excavate barrow pits along their embankments for the construction of the same, and that in this instance, under all the circumstances, an ordinarily prudent and reasonable person in the construction of said embankment would not have been expected to haul dirt from a cut on McAmis' land across the spring branch, then you will find for defendant on this issue."

The court at the request of plaintiff gave the following special instruction: "If you believe from the evidence in this case that the defendant's roadbed could have been constructed properly and without extraordinary trouble and expense by making the embankment over plaintiff's land from earth taken from adjacent cuts, and thereby confined itself to the 100 feet right of way, and without excavating and damaging plaintiff's land, its duty would have been to have done so,

and if it has failed to do so, and unnecessarily taken additional land belonging to the plaintiff, it would be liable."

We think ordinary care in regard to the rights of plaintiff was all that was required—ordinary care in determining the necessity, under the circumstances, of using plaintiff's land according to the terms of the deed. Was it necessary? This was the question for the jury. And did the defendant exercise due care so as not to take plaintiff's land unnecessarily? The court's charge, that it devolved upon the plaintiff to show his right to a recovery by a preponderance of evidence, was sufficient as to the burden of proof. Under the pleadings as they stood, the court having instructed the jury not to allow damages for alleged sickness in plaintiff's family, the measure of damages was the value of the land actually and unnecessarily taken, if any was so taken, and the difference in the value of the residue of the land unnecessarily injured just before the injury and just after it, whether done by excavations or overflow.

We conclude that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*