Galveston, Harrisburg & San Antonio Railway Company v.
W. H. Clark, Receiver.

Decided April 26, 1899.

**1.   Practice on Appeal—Assignment of Error Necessary.**

That there is no evidence to sustain a finding is an objection that can not be considered in the absence of an assignment of error to that effect.

**2.   Damages—Personal Injury to Young Child.**

Direct proof of the amount that a very young child's earning capacity will be diminished by injuries received by her being impossible, the determination of that amount must necessarily be left to the sound discretion of the jury under the circumstances of the particular case.

**3.   Same—Mental Suffering.**

It is not error to instruct the jury to consider the damages by mental as well as physical pain caused by injuries received by a female child seventeen months old, when the evidence showed the injuries to have been terrible to the person and appearance, and at the time of the trial the child was 11 years old and the injuries appeared permanent.

**4.   Practice in Trial Court—Withdrawing Evidence.**

It is not assignable as error on appeal that the court admitted testimony which was afterwards withdrawn and the jury charged to disregard it, when there is no reason to believe that the jury regarded that evidence in arriving at their verdict.

**5.   Evidence—Expert Testimony.**

It is not error to permit an experienced railroad man to testify that if a fireman is looking out of the cab window on the inside of a curve of the track, he has a better view of the track than the engineer sitting on the outside of the curve.

**6.   Evidence—Harmless Error.**

The admission of testimony to the effect that the schedule running time of a train was thirty miles per hour by the schedule of the preceding year, not shown to have been in effect at the time of the accident, is harmless error where other evidence shows that the schedule time was then twenty-nine miles an hour.

Appeal from Medina.   Tried below before Hon. I. L. Martin.

*Baker, Botts, Baker & Lovett,* for appellant.

*H. E. Haass* and *John W. Parker,* for appellee.

JAMES, Chief Justice.—Action for personal injury to a child from being struck by a train.   The questions raised in the appeal are errors alleged in respect to demurrers, admission of testimony, and the instructions to the jury.

The child was 17 months of age, and there was, of course, no contributory negligence in the case, and there was testimony showing negligence of defendant as the cause of its injury.

The demurrers to the petition were properly overruled.   Ewing v. Duncan, 81 Texas, 236; Floyd v. Patterson, 72 Texas, 207.

The court charged that in estimating plaintiff's damage they might take into account any impairment of her physical ability, if any, to earn money after she should become 21 years of age.   The seventh assignment challenges this charge because (as stated in the assignment) there was no

allegation to support a recovery by decreased earning capacity, and because the petition specifically itemized the different injuries and loss to the child.   The petition contains an allegation that "her said injuries and their said effects are permanent and incurable, and her ability to make a living and earn money after she shall have become 21 years of age is diminished, and all to her actual damage in the sum of $20,000.   In the statement under the assignment appellant makes the further proposition that there was no evidence that the child would have had an earning capacity, or that the same would have been impaired, but there is nothing in the assignment to warrant us in considering this proposition.   The allegation which the assignment states was absent appears in the petition, and this is really all we need say to dispose of the assignment.   It is obvious, however, that direct proof of the diminution of the child's earning capacity or its extent would be impossible.   Such matter is necessarily committed to the reasonable disposition of the jury under the circumstances of the case.

The eighth assignment complains of the instruction that in considering the damages the jury might consider the mental and physical pain suffered by the child, because the petition and the evidence showed conclusively that the child was, by reason of its tender years, incapable of mental suffering.   There was evidence of the most terrible injuries to the child's person and personal appearance; plaintiff was a girl, and at the time of the trial was over 11 years of age.   The injuries appeared to be permanent.   We can perceive no fault with the charge in view of these conditions.

The tenth assignment of error is not well taken.   The assignment is very lengthy, but the point made is indicated by the following:   W. H. Clark testified, over objection, as to how far an engineer could have seen an object at the place where the child was picked up, and that an engineer or a fireman from an engine could have seen a child a greater distance down the track than could have been seen by a person standing on the track, the objections being that the witness had not made any observation from an engine, or any other elevated position at said place; and further, the court allowed the witness to testify that the engine, boiler, smokestack, and embankment would not have obstructed the view of the engineer and fireman, because witness was not an expert and such testimony was not based upon the facts in evidence, and because no observation had been made by the witness, and it was his supposition or conclusion without putting the jury in possession of the facts upon which he based it.   Substantially the same objections were made to like testimony of the witness Rieman.   It is explained in this assignment that said testimony was allowed to be introduced and remained before the jury until the testimony was closed, when on plaintiff's motion the court instructed the jury to disregard the testimony.   The bill of exceptions shows this was done in the following manner:

"The evidence having been closed on both sides, plaintiff's attorney announced to the court as follows:  I wish to withdraw the evidence of the

witnesses W. H. Clark and L. Rieman as to the distance the place where the child lay could have been seen by a person elevated on an engine, as the engineer was, east of the section house, the evidence being that considering the elevated position of the engineer, the engineer could have seen the child thirty to fifty yards further east of the section house than a person standing on the track opposite the section house could have seen the child." Whereupon the court instructed the jury that the evidence which plaintiff's attorney stated he withdrew could not be considered by them in the case, as it was withdrawn from their consideration altogether, and that they would not consider the evidence at all for any purpose, one of the jurors asking if they must consider the case just as though the evidence had not been introduced at all, and the court answered that they must wholly ignore the evidence in reaching a conclusion.

We conclude in reference to this assignment that from the charge, the manner in which it was given and received by the jury, in view of the testimony of the conditions surrounding this accident, there is no reason to believe that the verdict was due to the testimony that was withdrawn. Church v. Waggoner, 78 Texas, 200. We have not considered the question of the admissibility of the testimony.

The complaint made of admitting certain testimony of William Davis (eleventh assignment) can not be sustained. The witness was shown to be a practical railroad man of long experience, and qualified to answer the questions, and all the hypothetical questions asked this witness were based on facts in evidence. He was also allowed to state that the fireman would have had a better view down the track than the engineer, and this was objected to because the witness was not familiar with the track at that place or the obstructions, and was not in a position to know and did not know and could not state the facts upon which his conclusion was based. The testimony of the witness was, "If a fireman is looking out of the window on the inside of a curve he has a better view of the track than the engineer sitting on the outside of the curve." There was evidence that there were no obstructions to the view, except the engine itself. The testimony was not objectionable.

The twelfth assignment is to certain testimony of the same witness, who stated "that he in 1882, as division superintendent of defendant's road, had the power to require of the fireman the duty of keeping a lookout in front of the train; in fact they were his instructions to use every caution, and that it certainly was the fireman's duty at the time of this accident (November, 1889), to keep a lookout when not engaged in putting in coal, because the accident occurred in 1889, and his power, rules, and knowledge in 1882 had no connection with this occurrence, and because it was not attempted to be shown that he had any knowledge of the rules, duties, or conditions existing in 1889." It is pointed out by appellee that there was testimony uncontradicted of practically the same facts as of the time of the accident which rendered this testimony of Davis immaterial and harmless.

Finally it is contended that " the court erred in permitting plaintiff to

show by the witness Murray the schedule time of defendant's road in the year 1888, and which was shown not to be in force at the time of this accident, because the same was intended to and naturally did have the effect to prejudice the jury in favor of plaintiff and against defendant." The year to which the said schedule referred was the year preceding the injury. The testimony complained of was elicited upon a cross-examination of the witness by plaintiff's counsel. Upon his direct examination he had stated that he thought the schedule time when the accident occurred was about thirty-five miles an hour. Before the schedule of 1888 was mentioned he testified that he wouldn't say it was thirty-five miles,—it might have been thirty,—he didn't think it was twenty-eight. The schedule of 1888 was not itself offered in evidence, but the witness was allowed to testify that according to it the time was a little less than thirty miles an hour. It therefore does not appear that there was any material difference between what the testimony of this witness indicated was the schedule time in 1889 and that indicated by the schedule of the previous year, and hence no injury. The error, if any, appears harmless for the further reason that the only other testimony of the schedule of 1889— that of the engineer Griffin—is that it was about twenty-nine miles an hour.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.