**DAVIS et al. v. FAIN et al.**

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 16, 1912. Rehearing Denied Dec. 21, 1912.)

1. EVIDENCE (§ 474*)—OPINION EVIDENCE—EXPERT TESTIMONY.

Where a witness plainly stated that he knew the market value of a strip of land for which the action was brought, he was competent to testify as to such value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

2. COVENANTS (§ 119*)—BREACH—EVIDENCE.

In an action for damages for breach of a covenant in a deed on the ground of deficiency of land, evidence that a purchaser from plaintiffs, the original grantees, demanded a reduction in the price is inadmissible; it not appearing that defendants were in any manner parties to or cognizant of such transaction.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 216–220, 264, 265; Dec. Dig. § 119.*]

3. WITNESSES (§ 268*)—CROSS-EXAMINATION—SCOPE.

Where a witness testified as to a deficiency in the quantity of land contained in a deed, it was improper to exclude questions on cross-examination tending to impeach the accuracy of the witness, and to elicit the method pursued by him in ascertaining the shortage.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931–948, 959; Dec. Dig. § 268.*]

4. COVENANTS (§ 46*)—CONSTRUCTION—WARRANTY—QUANTITY OF LAND.

Where a deed described the land conveyed as beginning at a certain point and extending 100 feet west, and the warranty and habendum recited a conveyance of all the described premises, the grantors binding themselves to defend all of the same against any and all persons, the covenant of warranty extends to the quantity of the land and will support an action for deficiency.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 46; Dec. Dig. § 46.*]

5. VENDOR AND PURCHASER (§ 305*)—ACTIONS FOR PURCHASE PRICE—DEFENSES.

That a bank which held notes for the purchase price of land wrongfully delivered them to the purchaser upon too small a payment is no defense to an action against the purchaser for an unpaid balance of the purchase money.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 862, 865–872; Dec. Dig. § 305.*]

6. COVENANTS (§ 130*)—MEASURE OF DAMAGES.

In an action for a breach of warranty in a deed consisting in a deficiency in the land conveyed, the true measure of damages is the difference between the actual value of the property received and the amount paid therefor.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 245–253, 255–257; Dec. Dig. § 130.*]

Appeal from Denton County Court; S. H. Hopkins, Judge.

Action by J. A. Fain and others against A. G. Davis and another. From a judgment for plaintiffs in the Justice Court, defendants appealed to the County Court, where plaintiffs again had judgment, and defendants appeal. Reversed and remanded.

Geo. M. Hopkins, of Denton, for appellants. Zumwalt & Key, of Denton, for appellees.

SPEER, J. J. A. Fain and J. F. Stanley sued Taylor Smith, A. G. Davis, and M. P. Kelly in the justice's court of Denton county to recover the sum of $150 for a shortage of 15 feet in a 100-foot lot sold by the defendants to the plaintiffs, basing their right to

recover on a covenant of warranty contained in the deed of conveyance. The defendants answered by the general denial, by a special plea that the sale of the lot on which was situated a building and laundry business was a sale in gross, and a reconvention for $27.50 as a balance of the purchase money for said lot. The plaintiffs had judgment, and the defendants appealed to the county court where, upon a trial before a jury, plaintiffs again recovered judgment for the full sum of $150 and against the defendants on their counterclaim. The defendants have appealed.

[1] The trial court committed no error in permitting the witness McClaklin to testify as to the value of the land in controversy, since the record does not support appellants' proposition that the witness had not qualified as to his knowledge of market value of the land. He states plainly in the statement of facts that he knew the market value of this strip.

[2] There was error, however, in permitting this witness to testify that the Corsicana Laundry Company, who had purchased the laundry plant in controversy from appellees, had demanded a reduction in the price of appellees, and that the same had been allowed to the extent of $150 in settlement of said company's note to the appellees. It was not shown that appellants were in any manner parties to or cognizant of such transaction between the Corsicana Laundry Company and the appellees, and it was not proper thus to prove the alleged shortage nor the value of the same.

[3] It appears that the only witness who testified that the lot in question was short by 15 feet was the witness McClaklin. He had assisted the county surveyor in surveying the lot and testified to the beginning point and to measurements from other lots on either side. Appellants then undertook to cross-examine the witness, asking him, among other things, the following questions: "Q. You stated on direct examination that the survey was commenced in the center of North Locust street on the west, now state why you commenced there. Q. Why did you commence at Bell avenue on the east? Q. How did you determine the corners of the laundry lot? Q. How did you determine the corner of the German Church lot (adjacent to the lot in controversy)? Q. How did you determine the corners and the east line of the wagon yard lot (adjacent to the lot in controversy)? Q. How did you ascertain that the strip of land between the German Church fence and what you determined was the east line of the laundry lot was not a part of the laundry lot? Q. Is it not a fact that there is an excess of 15 feet in lots Nos. 16 and 17, out of which the laundry, wagon yard, and German Church lots were taken, and that this excess is the extra 15 feet inclosed by the wagon yard?" To each of these questions and others like them the appellees interposed a general objection which the court

sustained. In this we think the court erred. The very essence of appellees' case was to show a shortage in the lot conveyed by appellants. To do this they relied wholly on the testimony of this witness. The line of questions indicated undoubtedly was calculated to search the witness and bore very acutely on the accuracy of his testimony that a shortage of 15 feet did exist. There was no error in permitting the witnesses McKelvy and Stringer to testify to the effect that the fence between the laundry and the wagon yard on the west had been there for such time as to show limitations in favor of the owners of the wagon yard. Indeed, it would appear that appellees' case would in a large measure depend upon this very fact.

[4] The most important question in the case is whether or not, under the terms of the warranty contained in the deed, the sale could be held to be one in gross at all. The deed of conveyance describes the land as follows: "All that certain lot, tract, or parcel of land on McKinney street in the city of Denton, Denton county, Texas, and being a part and out of the B. B. B. & C. R. R. Co. survey, script No. 111, patented to John R. Henry, assignee, and being a part of subdivision No. 18, and beginning 125 feet west of the southeast corner of said subdivision No. 18; thence west 100 feet to the southeast corner of a lot formerly owned by Mrs. Rebecca McNiel; thence north 390 feet to the center of ditch; thence east 100 feet for corner; thence south 390 feet to the place of beginning excepting 60 feet off of the south end of said tract for McKinney street." The instrument conveys also the machinery, furniture, fixtures, wagons, horses, etc., belonging to the laundry business situated on said lot, and contains the following habendum and warranty clauses: "To have and to hold the above-described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said J. A. Fain and J. F. Stanley, their heirs and assigns forever, and we, the said Taylor Smith, A. G. Davis and M. P. Kelly, do hereby bind ourselves, our heirs, executors, and administrators, to warrant and forever defend all and singular the said premises unto the said J. A. Fain and J. F. Stanley, their heirs and assigns, against every person whomsoever lawfully claiming, or to claim, the same or any part thereof." This instrument of conveyance appears to include 15 feet of land to which the grantors had no title, and the possession of which was never delivered to appellees. The covenant of warranty in our opinion undoubtedly extends to the quantity of land. Reeves v. Lindsey, 2 Posey, Unrep. Cas. 309. It is not a case where a definite tract of land is conveyed by metes and bounds and the quantity stated by way of description merely, but on the contrary the only description given to which the warranty could in any wise apply is that contained within the metes and bounds which

make the lot necessarily 100 feet by 390 feet in size. By reason of the description given, the covenant of warranty as to the land conveyed can apply only, and does apply altogether, to the 100 feet by 390 feet or that contained in the field notes.

[5] In reversing the case we will also reverse that part of the judgment disposing of appellants' cross-plea. It is not true that appellants' only remedy is against the bank which wrongfully delivered appellees' notes upon too small a payment, but, upon proper proof that the full amount has not been paid, they would yet be entitled to recover against appellees. The proof, however, is not such as to require us here to render the judgment. It goes only to the effect that the collecting bank remitted only a part of the sum due; and, while this may raise a strong inference that there is a balance unpaid, nevertheless it is not conclusive.

[6] No question is made on the appeal as to the correctness of the measure of damages submitted by the court. It seems to us that the true measure, however, would be the difference, if any, between the actual value of the property received by appellees and what they paid for it. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456.

For the errors discussed, the judgment is reversed and the cause remanded for another trial.