WITHERS v. CRENSHAW et al.†

(Court of Civil Appeals of Texas. Ft. Worth. March 1, 1913. Rehearing Denied March 22, 1913.)

1. EXCEPTIONS, BILL OF (§ 4*)—CONTENTS—MOTION TO STRIKE PLEAS.

District and county court rule 53 (142 S. W. xxi) provides that no bill of exceptions shall be taken to the judgment rendered on those matters which at common law constituted the record proper, and rule 65 (142 S. W. xxii) provided that judgments rendered on questions raised upon citations, pleadings, and all other proceedings, constituting the record proper, as known at common law, must be entered at the date of each term when pronounced. *Held*, that an exception to a denial of a motion to strike out pleas of lien claimants in trespass to try title could not be presented by a bill of exceptions.

[Ed. Note.—For other cases, see Exceptions, Bill of, Cent. Dig. §§ 5, 6; Dec. Dig. § 4.*]

---

**2. MUNICIPAL CORPORATIONS (§ 484*) — IMPROVEMENT CERTIFICATES—EVIDENCE.**

A local improvement certificate evidencing a lien for street improvements against a lot in question, sufficiently describing the lot, was admissible in support of the lien in trespass to try title under the express provisions of Ft. Worth City Charter, c. 12, § 15 (Acts 31st Leg. c. 31).

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1137–1139; Dec. Dig. § 484.*]

**3. MUNICIPAL CORPORATIONS (§ 407*) — EMINENT DOMAIN (§ 2*)—CONSTITUTIONAL LAW (§ 311*)—STATUTES (§ 85*)—LOCAL IMPROVEMENTS—CERTIFICATE — PRIMA FACIE EVIDENCE—STATUTES—VALIDITY.**

Ft. Worth City Charter, c. 12, § 15 (Acts 31st Leg. c. 31), providing that the recitals in a local improvement certificate shall constitute prima facie evidence of the facts recited therein, etc., was not in contravention of Const. art. 1, §§ 17 and 19, nor article 3, § 56.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1003, 1004; Dec. Dig. § 407;* Eminent Domain, Cent. Dig. §§ 3–12; Dec. Dig. § 2;* Constitutional Law, Cent. Dig. § 932; Dec. Dig. § 311;* Statutes, Cent. Dig. §§ 94, 95; Dec. Dig. § 85.*]

**4. COVENANTS (§ 130*) — BREACH OF WARRANTY—DAMAGES.**

Where a title to six feet of a strip of vacant land failed, the measure of damages for breach of warranty of title was the difference in the value of the lot with and without the strip, eliminating any increased value by reason of improvements thereon.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 245–253, 255, 256, 257; Dec. Dig. § 130.*]

**5. COVENANTS (§ 47*) — COVENANT OF WARRANTY—EFFECT.**

Where a deed containing a general covenant of warranty conveyed the property as the south 50 feet of a lot and not by marked corners or otherwise to rebut the inference that the lot was fully 50 feet as described, each understanding the lot to be fully 50 feet wide, when in fact it was only 44 feet, and payment was made on the mistaken assumption as to the width, a warranty would be construed as covering the quantity of the land as well as the title.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 47; Dec. Dig. § 47.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Trespass to try title by V. F. Withers against J. O. Crenshaw and others. Judgment for defendants, and plaintiff appeals. Affirmed.

J. C. Scott, of Ft. Worth, for appellant. Slay, Simon & Wynn, Robt. G. Johnson, Crenshaw & Boykin, and N. W. Wilkinson, all of Ft. Worth, for appellees.

SPEER, J. Mrs. V. F. Withers, a widow, sues in trespass to try title to recover from Etheyne R. Boaz the south 50 feet of lot No. 1 of the C. T. Hodge addition to the city of Ft. Worth. The real controversy is one boundary between the south and north halves of the lot and involves a strip of land six feet in width. J. O. Crenshaw, the original owner of the entire lot, was made a party defendant as a warrantor of the title, and the Texas Bitulithic Company and the city of Ft. Worth were made defendants upon an allegation that they were asserting some sort of lien against the property for street improvements. All parties answered and the defendant Boaz, among other defenses, pleaded that the deed of conveyance from Crenshaw to Withers' grantor by mutual mistake included the land in controversy. The court instructed the jury to return a verdict in favor of the defendant Boaz and submitted to them to find the difference in the value of plaintiff's property at the time of the conveyance from Crenshaw with and without the six feet in controversy. In accordance with the verdict returned, judgment was entered in favor of defendant Boaz for the land in controversy, in favor of the plaintiff against Crenshaw on his warranty for $280.13, and in favor of the Texas Bitulithic Company for the sum of $217.27, with a foreclosure of its lien against plaintiff's property. Some other matters not necessary to notice were also adjudicated. The plaintiff has appealed.

[1] The first question is one complaining of the court's ruling on appellant's motion "to strike out the pleas of the city of Ft. Worth and the Texas Bitulithic Company because they changed the nature of the suit. We cannot consider the merits of this question, however, for the same is not properly presented. No order of the court on appellant's plea or exception is shown but the matter is attempted to be raised by bill of exception. Rule 53 (142 S. W. xxi) for the county and district courts is: "There shall be no bill of exceptions taken to the judgment of the court rendered upon those matters which at common law constitute the record proper in the case, as the citation, petition, answers, and their supplements and amendments, and motions for a new trial, or in arrest of judgment and final judgment." Rule 65 (142 S. W. xxii) prescribes that: "Judgments rendered upon questions raised upon citations, pleadings, and all other proceedings constituting the record proper, as known at common law, must be entered at the date of each term when pronounced." It is apparent the question here attempted to be raised cannot be presented by a bill of exception which, under the statute and rules, might be filed after the time when all judgments proper are required to be entered.

[2] The second and fifth assignments are grouped. The second is to the effect that the court erred in admitting a certain certificate issued by the city of Ft. Worth July 12, 1910, purporting to evidence a lien against the plaintiff's lot in favor of the Bitulithic Company, and the fifth is to the effect that the court erred in taking away from the jury the question of the existence of such lien. The certificate in question appears to have been issued under section 15, c. 12, of the charter of the city of Ft. Worth (Local and Special Laws 1909, p. 294); and by

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the terms of that act, which is made a public law of which the courts will take notice, "the recitals in such certificate that proceedings with reference to such improvements have been made in compliance with the terms thereof and that all prerequisites to the fixing of the lien and charge of personal liability evidenced by such certificate have been performed, shall be prima facie evidence of the facts so recited and no other proof thereof shall be required, and in all courts the said proceedings and prerequisites shall without further proof be presumed to have been had and performed." The certificate sufficiently described appellant's lot and was therefore, under the terms of the charter, admissible.

[3] The assignment also suggests the act is in contravention of sections 17 and 19, art. 1, and section 56, art. 3, of the Constitution of the state, but we see no reason for sustaining the contention.

The proposition to the effect that the property against which the lien was decreed was the homestead of a former owner of the lot, one Tippett, at the time the lien was created, is not supported by the record. Tippett, it seems, sold and conveyed the property March 15, 1909, while the ordinance of the city commissioners, upon which the lien rested, was passed June 29, 1909. The matter complained of in the seventh assignment of error to the effect that the court wrongfully permitted a cross-examination of appellant with respect to immaterial matters is not shown to be such as probably prejudiced her rights on the trial.

[4] The measure of damages adopted by the court was right. It clearly would not have been proper to permit the plaintiff to recover on Crenshaw's warranty the increased valuation of the six-foot strip of land by reason of the valuable improvements thereon. The most that can be said is that the difference in the value of the lot with and without this six feet should be determined as though the strip was vacant land, as all parties really understood it to be. The undisputed facts were such as to justify the summary instruction for defendant Etheyne Boaz, because all of the parties involved fully understood that the land actually sold did not include any part of the brick building on the north half of the lot, and that therefore the calls of the deed to the contrary were mistaken calls.

[5] Appellee Crenshaw has cross-assigned error to the judgment against him, based upon the proposition that the general warranty applied to the title and not the quantity of the land. The deed, however, conveyed the property as the south 50 feet of the lot and in no manner by marked corners, or otherwise, to rebut the inference that the lot was full 50 feet as described. The evidence being, as already indicated, that all parties knew the north line of the lot, but it further appearing that each understood it to be 50 feet instead of 44, and payment having been made upon such mistaken assumption, the judgment against appellee for this shortage is proper, since, as we think, the warranty covered the quantity as well as the title. Davis v. Fain (No. 7,548) 152 S. W. 218, by this court, and not yet officially published.

There is no error in the judgment, and it is affirmed.