### FOSTER v. BURGIN. (No. 1923.)

(Court of Civil Appeals of Texas. Amarillo. June 28, 1922. Rehearing Denied Oct. 11, 1922.)

1. **Evidence** ⬅489 — **Unequivocal statement that he knows a fact renders a witness prima facie qualified to testify to it.**

In an action for damages to an automobile resulting from a collision on a public highway, the unequivocal statement by a witness that he knows the market value of new and damaged automobiles renders him prima facie a competent witness to testify to such matters.

2. **Evidence** ⬅474(19)—**Owner of an automobile damaged in a highway collision may testify to its value.**

A nonexpert witness, if he is familiar with the property or the facts, may give his opinion, although he could not qualify as an expert, and on this theory the owner of an automobile damaged in a collision may testify as to the value of the car before and after the accident, though he could not qualify as an expert.

3. **Evidence** ⬅501(7)—**Opinion of nonexpert admissible when accompanied by the facts on which based.**

The opinion of the owner of an automobile damaged by collision as to the value of the car before and after the accident is admissible, though he could not qualify as an expert when he states the facts on which he bases such opinion.

4. **Appeal and error** ⬅1050(2)—**Admission of testimony as to a matter not before the jury not error.**

The admission of plaintiff's testimony, stating the amount of his repair bill on a damaged automobile in a collision, was not error, where that issue was not before the jury, and especially where it was so low, compared with the damages awarded, as to be in defendant's favor.

5. **Appeal and error** ⬅1052(6)—**Admission of testimony on issue determined favorably to appellant not prejudicial error.**

An assignment of error in the admission of testimony on certain issues is unfounded, where those issues have been determined by the jury favorably to the appellant, or, if error, it was harmless.

6. **Highways** ⬅184(2)—**Evidence of contributory negligence of driver of damaged automobile held insufficient.**

Evidence in an action for damages resulting from an automobile collision on a highway *held* insufficient to establish contributory negligence.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

## On Motion for Rehearing.

**7. Appeal and error ⊚⇒835(2)—A defense urged for the first time on a motion for rehearing is not available.**

In an action for damages from an automobile collision, the defendant's objection that a witness' testimony as to the value of the car was inadmissible because he had failed to qualify as an expert, and was not competent to so testify, does not in any manner raise the question of the witness' failure to furnish the proper locus of the market on which he based his opinion, and the same cannot be urged for the first time on a motion for rehearing.

**8. Appeal and error ⊚⇒232(2) — Appellate court in review of evidence is confined to the objections saved.**

In a review of the trial court's rulings on the admission or exclusion of evidence, the appellate court is confined to a consideration of the specific objections made in the court below.

**9. Appeal and error ⊚⇒209(1), 294(1)—Want or insufficiency of evidence not reviewable, unless question is raised below.**

The want or insufficiency of evidence to support the verdict and judgment is not such fundamental error as can be considered by an appellate court, in the absence of a proper assignment of error based on a bill of exceptions or a motion for new trial.

Appeal from District Court, Carson County; W. R. Ewing, Judge.

Action by Fred Burgin against R. T. Foster. From judgment for the plaintiff, defendant appeals. Affirmed.

Kimbrough & Kimbrough and Underwood & Jackson, all of Amarillo, for appellant.

Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellee.

HALL, J. Appellee, Burgin, sued appellant, Foster, to recover damages growing out of a collision between the automobiles of the parties, at a turn in the public road. Appellee alleged, in substance, that about the 2d day of April, 1920, he and appellant were traveling in opposite directions on a country road in Carson county, and as their automobiles approached a turn in the road a collision occurred which was due to reckless, careless, and negligent driving on the part of appellant, in that he was driving faster than is allowed by law, and was driving on the left side of the road, cutting the corner; that plaintiff had his wife, child, and mother-in-law in his car, and as a result of the collision, caused by the careless and negligent driving of the appellant, his wife and mother-in-law were injured, the injuries to his mother-in-law resulting in her death; that he paid as funeral expenses of his mother-in-law $500 and doctors' bills in the sum of $200; that his car was damaged in the sum of $1,700, and his wife suffered damages in the sum of $1,000. In addition to general demurrer, special exceptions, and general denial, the appellant pleaded contributory negligence on the part of appellee, in that appellee failed to give one-half of the road or to sound signal of his approach, and that plaintiff's wife, who was inexperienced, had charge of and was driving the car, and but for such negligence the collision would not have occurred. The case was submitted to a jury upon special issues, the substance of the material findings being as follows: (1) That the collision between plaintiff's and defendant's cars was not an accident; (2) that defendant was guilty of negligence in the operation of his car; (3) that such negligence was the proximate cause of the collision; (4) that the market value of plaintiff's car immediately before the collision was $1,550; (5) that such value immediately after the collision was $500; (6) that the plaintiff's wife did not suffer any physical injury; (9) that plaintiff's mother-in-law did not suffer any physical injury by reason of the collision; (12) that the injuries received by the mother-in-law were not the proximate cause of her death; (14) that the plaintiff was not guilty of contributory negligence in the handling and operation of his car at the time of the collision.

[1-3] The first contention in the brief of appellant is that the evidence is not sufficient to sustain the verdict as to the amount of damages to the car fixed by the jury, in the sum of $1,050. The appellee stated twice that he knew and was able to testify as to the market value of his car immediately before and immediately after the collision. His testimony on cross-examination is:

"Yes, sir; I have testified that I know the value of second hand cars, and I still say I knew and know the market value of cars."

The rule is that when a witness states that he knows the market value he is prima facie qualified to state such value. P. & N. T. Ry. Co. v. Porter (Tex. Civ. App.) 156 S. W. 267; Byrd Irrigation Co. v. Smyth (Tex. Civ. App.) 157 S. W. 260; Davis v. Fain (Tex. Civ. App.) 152 S. W. 218; C., R. I. & G. Ry. Co. v. Jones (Tex. Civ. App.) 118 S. W. 759; El Paso, etc., Ry. Co. v. Smith, 50 Tex. Civ. App. 10, 108 S. W. 988. These authorities hold that a nonexpert witness, who is familiar with the property or the facts, may give his opinion although he may not be able to qualify as an expert. The first cases cited are peculiarly applicable to the facts of the instant case. The appellant did not, on cross-examination, attempt to show any facts from which the court could determine that Burgin did not know the market values testified to; he was not asked as to the source or means of his knowledge; no inquiry was made as to whether he had investigated for the purpose of ascertaining the value of sec-

ondhand cars in that vicinity, nor whether he had bought or sold any secondhand or damaged cars, or knew of any such sales near the time of the accident. His unequivocal statement that he knew the market value renders him prima facie a competent witness. His opinion as to such market value is further admissible when, in connection with such opinion, he states the facts upon which it is based. G., C. & S. F. Ry. Co. v. Richards, 83 Tex. 203, 18 S. W. 611; C., R. I. & G. Ry. v. Faulkner (Tex. Civ. App.) 194 S. W. 651. Burgin testified at considerable length, giving the facts upon which he based his opinion. His testimony in part is as follows:

"The car had been driven just 810 miles. I purchased it new. Immediately before the accident that Hupmobile of mine was practically as good as new, and I believe the reasonable market value of it was $1,760, because that is what I paid for it and the car had been run only 810 miles. The car having been run that long, I am familiar with the reasonable market value of the car before the accident, and such value was $1,760. I considered it as good as a new car. Immediately after the car was repaired I could not get $260 on it, as it lacked quite a bit of running as good as it did before the accident. It never guided as good, and it seemed that there was kind of a grind in the gears all the time. Yes, sir; I am able to state the reasonable market value of this car after it had been repaired. It was not worth very much, and I would say it was reasonably worth, after it was repaired, $260. The collision in fact tore my automobile all up. Of course there was no wood about it except the flooring, and it cracked that quite a bit, and the frame of the seat. One tire punctured, and the inner tube burst. It broke the glass out of the wind shield, tore one hanger off the radiator, bent one fender up, bent the front axle, tore the front spring loose, and I had to get new ones, doubled the shifting gear right up into the footboard; kinked it right back up in there. I did not drive it away from the scene of the collision; had to pull it with a team on a sled. I had to get a new frame; new fender; new wind shield; had to have hanger put back on the radiator; new lights put in; new tire, and inner tube—costing altogether about $305."

We find testimony in the record which, if accepted by the jury, tends to show that the amount of the damages fixed by the jury at $1,050 is probably excessive, but this does not warrant us in reversing the judgment upon that ground. We think Burgin was a competent witness, and that his evidence was admissible.

[4] Appellant urges as his second proposition that the court erred in permitting Burgin to testify as to the amount of his repair bill. Since this issue was not submitted to the jury, the testimony was harmless. As the total amount was stated to be $305, the effect of its admission was, we think, in appellant's favor.

[5] It is further contended that the evidence with reference to the damages to Mrs. Burgin and to her mother was error. If so, it is harmless, because the jury found in appellant's favor upon the issues of injuries to the wife and mother-in-law of appellee.

[6] The only remaining contentions are as to the contributory negligence of the appellee and the issue of proximate cause. According to the statement of facts, the appellee was driving north, and was, at the time of the accident, on the right-hand side of the center of the road. The appellant was driving west prior to the time of the accident, but had turned south at the time of the collision. Burgin testified:

"I was driving to the right-hand side of the center of the road; I would judge I was 2½ to 3 feet of the fence; I could not tell exactly how far to the right of the center of the road my left wheels were, but I must have been 15 or 16 feet. My wife had been driving, but I had hold of the steering wheel about 30 feet before we got to the corner, if not a little bit more than that. My wife was just learning to drive, and I thought I would take the wheel and run around the corner for her, because I knew the way everything looked it was going to be a close corner, and I did not want to have any accident. My car had very near stopped when he hit us, because I had not been driving over 10 miles an hour at any time. Prior to the time my speed was reduced I had been going about 10 miles per hour, and at the time of the collision my car was practically stopped, and at that time I had not quite reached the corner, but was almost to the corner. Must have been about 3 or 4 feet from the corner post—south from the corner post. When his car hit mine it put my car closer to the fence. After the collision the cars were locked together. The collision did not really move my car back hardly any, because I had the brakes on, but kind of shifted it sideways, or kind of turned it around; the back end of my car after the accident was within about 3 feet of the fence, and was on the turf or bank."

As stated, the appellant was driving west, and it appears that the sun was near the horizon. He turned the corner practically at right angles to the south. The public road at that point was from 40 to 60 feet in width. It is not denied that Burgin was upon the right side of the road. So at the time of the collision it is not contended that appellant's car was where, under the law, it should have been; on the contrary, he had crossed the center of the road, and from his standpoint was on the left side of the center. The jury could not base a finding on contributory negligence on the part of Burgin, even from the testimony of Foster himself.

We find no reversible error in the record, and the judgment is affirmed.

## On Motion for Rehearing.

[7] It is insisted by appellant that the judgment should be reversed and the cause remanded because the testimony of appellee, Burgin, is insufficient to establish the mar-

ket values of his car just before and just after the injuries to it, because he failed to state that such was its value at any definite place. Appellant insists that the case of Ara v. Rutland (Tex. Com. App.) 215 S. W. 445, is an authority, directly in point upon this question. That case does hold that the evidence fixing the market value in cases of this character should show what the "market value is at the place designated by the law as furnishing the proper locus of the market from which the value is to be determined." It appears that in the Ara Case the objection was that the testimony was objected to because it did not prove, nor tend to prove, the true measure of plaintiff's damages, and it further appears from the report of the case that in the motion for new trial the defendant specially pointed out to the court wherein the testimony failed to meet the legal requirement necessary to establish the true measure of damage, by charging that the witnesses did not testify as to the market value "at Victoria." The record in the instant case does not bring it within the rule announced in the Ara Case. Appellant's bill of exceptions in this case shows that the only objection urged in the court below is:

"Because the witness failed to show any qualification as an expert as to the market value of the car at the time of the injury, nor as to the value of the car after the injury, which would constitute the true measure of damages."

This objection certainly does not raise the one now here urged that Burgin did not state the market value at Groom or at any place where the law required such value to be shown.

[8, 9] The second, eighteenth, and nineteenth paragraphs of the motion for new trial, based upon the admission of Burgin's testimony, also failed to present the question of the insufficiency of the evidence to prove the market value at the proper place.

In reviewing the rulings of the trial court upon evidence admitted or excluded, this court is confined to a consideration of the specific objections made in the court below. See numerous decisions, 7 Michie, Enc. Digest, pp. 33–35. The appellant did not request the court to direct a verdict, and therefore the error as presented here is not fundamental, and cannot be considered in the absence of an effort to have the ruling reviewed by the trial judge. The want or insufficiency of evidence to support the verdict and judgment is not such fundamental error as can be considered by this court in the absence of a proper assignment based upon the bill of exceptions or a motion for new trial raising the question in a lower court. Campbell v. Kone (Tex. Civ. App.) 26 S. W. 231; Supreme Council v. Storey (Tex. Civ. App.) 75 S. W. 901; Galveston, etc., Railway Co. v. Clark,

21 Tex. Civ. App. 167, 51 S. W. 276; writ of error refused, 93 Tex. 706.

After a careful review of the motion for rehearing, we think the case has been properly disposed of in the original opinion, and the motion is overruled.