SOUTHERN KANSAS RY. CO. OF TEXAS
v. CAYLOR.

(Court of Civil Appeals of Texas. Feb. 25, 1911. Rehearing Denied March 25, 1911.)

1. CARRIERS (§ 286*)—PASSENGER STATION—DUTY TO LIGHT AND HEAT—STATUTES—CONSTRUCTION.

Rev. St. 1895, art. 4521, provides that every railroad company doing business within the state shall keep its depots lighted, warm, and open to ingress and egress of passengers for not less than one hour before and after the arrival of trains carrying passengers. *Held*, in an action for injuries to a passenger resulting from exposure in a cold depot while she was waiting for a train, that such statute only required that the depots be lighted and warmed for a period not less than an hour before the actual arrival and departure of passenger trains, and not for an hour before the time such trains are scheduled to arrive.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1150; Dec. Dig. § 286.*]

2. CARRIERS (§ 286*)—PASSENGER STATIONS—DUTY TO WARM.

A carrier's duty to keep its passenger station open and warm for a period longer than an hour before and an hour after the actual arrival and departure of trains, as provided by Rev. St. 1895, art. 4521, to avoid liability to a passenger for injuries from exposure, depends solely on the carrier's common-law obligation to exercise due care for the safety and comfort of passengers.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1150; Dec. Dig. § 286.*]

3. CARRIERS (§ 314*)—INJURY TO PASSENGERS—UNHEATED STATION—PETITION.

Where a petition in an action for injuries to a passenger by reason of the carrier's alleged failure to keep its waiting station warm only alleged that it was defendant's duty to keep

its station lighted and warm for a time not less than an hour before the arrival and after the departure of all trains carrying passengers, as provided by Rev. St. 1895, art. 4521, and charged a failure to keep the station warm for an hour prior to the time scheduled for the arrival of a train, but not for an hour prior to the actual arrival of the train plaintiff and his wife expected to take, but did not allege that there was any want of due care on the carrier's part to have and keep the depot warm, the petition did not allege a cause of action for breach of the carrier's common-law duty to exercise proper care for the safety and comfort of passengers.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1275½; Dec. Dig. § 314.*]

Appeal from District Court, Hemphill County; F. P. Greever, Judge.

Action by H. O. Caylor against the Southern Kansas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed.

Hoover & Taylor, for appellant. Willis & Willis, and B. M. Baker, for appellee.

CONNER, C. J. This is an appeal from a judgment in appellee's favor for damages for injuries to his wife alleged to have been caused by exposure to severe cold in appellant's depot in the town of Glazier to which appellee and his wife had resorted for the purpose of going on one of appellant's passenger trains to the town of Canadian. So far as necessary to state, the appellee alleged in his petition that appellant at the time of the occurrence in question was a common carrier, and as such that it was its duty to keep its depot and passenger house lighted and warm and open to the ingress and egress of passengers entitled to go therein "for a time not less than one hour before the arrival and after the departure of all trains carrying passengers on such railroad, and, in the event of a failure or refusal to perform such duties, it becomes liable to any party injured for all damages accruing by reason of said failure; all of which is provided in article 4521 of the Revised Civil Statutes of 1895 of the state of Texas; that on the 14th day of November, 1908, plaintiff and his wife, Ethel Caylor, were entitled to go into the depot at Glazier, Tex., a station on defendant's line of road; and that defendant on said date failed to perform its statutory duties as hereinbefore alleged, whereupon it became liable to plaintiff for such failure, and the resultant damages being under the following circumstances." The petition then further alleges, in substance, that appellant had a passenger train scheduled to arrive at Glazier at 4:34 o'clock in the morning; that on the occasion in question he and his wife arose early and went to the depot "about 4:20 a. m."; that upon arriving at the depot they entered the waiting room and found the same dark and cold and no person in charge; that after search

a person was found asleep in the baggage room of whom he inquired; that plaintiff was informed that he did not go on duty until 5 o'clock; "that, in 40 minutes after plaintiff arrived at the depot, said man arose, assumed charge of the said depot as agent for defendant, sold tickets for defendant, and built a fire in the telegraph office and office of defendant where tickets are sold for the transportation of passengers over its line, which was separated from the waiting room by a partition between them; and that upon the plaintiff's urgent request said agent admitted plaintiff and his wife to said fire in said office, but said office did not sufficiently warm for comfort for some 15 minutes thereafter." It was further alleged that "said train did depart for Canadian at 6:20 o'clock of said morning, and plaintiff and his wife took passage thereon and went to Canadian; that during their waiting in said depot, 40 minutes without a fire and for some 15 or 20 minutes thereafter, both plaintiff and his wife became exceedingly cold, etc. The further allegations go to show the serious results to appellee's wife because of the exposure alleged. The defendant answered by general and special demurrers, a general denial, and plea of contributory negligence. The trial resulted in a verdict in appellee's favor for the sum of $5,262.50, and defendant has appealed.

Error is assigned to the action of the court in overruling demurrers which question the sufficiency of appellee's petition. The petition nowhere alleges that appellant was guilty of negligence in the failure to have and keep its depot at Glazier warm, but, as appears from the quotations already made, is evidently based alone upon Revised Statutes, art. 4521, which reads as follows: "Every railroad company doing business in this state shall keep its depots or passenger houses in this state, lighted and warmed, and open to the ingress and egress of all passengers who are entitled to go therein, for a time not less than one hour before the arrival and after the departure of all trains carrying passengers on such railroad, and every such railroad company for each failure or refusal to comply with the provisions of this article, shall forfeit and pay to the state of Texas, the sum of fifty dollars, which may be sued for and recovered in the name of the state in any court of competent jurisdiction, and shall be liable to the party injured for all damages by reason of such failure."

The petition shows a failure to have appellant's depot at Glazier warmed an entire hour before the passenger train in question was scheduled to arrive and depart, but wholly fails to show such failure during the hour immediately preceding its actual arrival and departure. [1] It therefore becomes important to determine the meaning of the statute in this respect. We are of the opin-

ion that the duty imposed upon the railways by the article quoted is to keep their depots lighted and warm for the benefit of intending passengers not less than one hour before the actual arrival and departure of all passenger trains, rather than not less than one hour before the time such trains are scheduled to arrive. Such construction we think is plainly imported by the language of the statute and most in harmony with the object in view. Had the legislative purpose been to provide for the hours before the scheduled time of arrival and departure of trains, it could easily have been so specified. To read this feature into the statute would require the conclusion that the statutory duty of a railway company is fully discharged and at an end if, for the required time before a passenger train is scheduled to arrive and depart, the depot is kept lighted and warmed, regardless of the length of time thereafter the train may actually arrive and depart. It is hardly to be supposed that by the act it was intended to burden the railway companies of the country by imposing the absolute duty of warming each station along their lines of road for at least an hour before the schedule time of passenger trains and to keep such depots warm for the entertainment of its patrons until the actual arrival of such train, regardless of the cause or length of the delay. It seems more reasonable to assume that the period before the actual arrival of trains is the period most likely to be needed for the comfort of the passengers and at the same time less burdensome on the carrier.

[2] Instances may doubtless be conceived where the circumstances are such as to make it the duty of the carrier to exercise due care in keeping its depots warm and otherwise comfortable for persons who are rightfully there for even longer periods than indicated by the statute either before or after either scheduled or actual train arrivals. But in all such cases the duty arises not because of the statute, but because of the common-law obligation to exercise proper care for the safety and comfort of the passenger. The cases of T. & P. Ry. v. Cornelius, 10 Tex. Civ. App. 125, 30 S. W. 720; I & G. N. Ry. v. Doolan, 120 S. W. 1118, seem to be cases of this kind.

[3] Contrary to appellee's contention, however, his petition makes no such case. As before stated, the petition nowhere alleges that there was any want of due care or any negligence on the part of appellant in the failure to have and keep the depot at Glazier warm as charged, nor was any such issue requested or submitted to the jury. Appellee chose rather to plead and rely upon the statute which imposes the duty regardless of circumstances which might otherwise execute or justify the failure. Appellee's case, therefore, having been made wholly dependent upon the statute, must fall because of his failure to put himself within its terms.

Several other very interesting questions have been presented; but it is unnecessary to pass upon them.

We conclude that appellant's demurrer to appellee's petition should have been sustained, and that the judgment should be reversed because of the court's error in failing to do so. T. & P. Ry. v. Hughes, 94 S. W. 130; T. & P. Ry. v. Allen, 42 Tex. Civ. App. 331, 98 S. W. 450.