PRESCOTT & NORTHWESTERN RAILROAD COMPANY v. THOMAS.

Opinion delivered May 18, 1914.

1. EVIDENCE—INVOLUNTARY EXCLAMATIONS.—In an action for damages for personal injuries caused by negligence, evidence of involuntary exclamations made by plaintiff, indicating pain, is admissible, whether uttered at the time the injury occurred or afterward.

2. EVIDENCE—SELF-SERVING DECLARATIONS.—Statements by an injured party made merely by way of narrative are hearsay and inadmissible in an action for damages for personal injuries.

3. RAILROADS—INJURY TO PASSENGER—DEGREE OF CARE.—In an action for damages due to personal injuries caused by negligence of a railroad company, while plaintiff was alighting from a train, an instruction held proper, which told the jury that, in the operation and management of its trains, the defendant owes its passengers the highest degree of care which a prudent and cautious man would exercise, reasonably consistent with its mode of conveyance and the practical operation of its trains.

4. RAILROADS—INJURY TO PASSENGER ALIGHTING FROM TRAIN—DUTY OF CARE.—Plaintiff, a passenger on defendant railway's train, while debarking from said train, slipped on some cantaloupe seed on the step of the car, sustaining injuries. *Held*, the defendant owed the plaintiff a duty to provide a safe means of debarking from its train, and was liable for the damage resulting from its negligence in failing to remove the seed from the steps, its servants having had time to observe and remove the same.

Appeal from Nevada Circuit Court; *Jacob M. Carter*, Judge; affirmed.

*McRae & Tompkins*, for appellant.

1. Complaints made by the appellee concerning her injuries to visitors two weeks after the accident were not competent, and should have been excluded. In the *Jackson* case, 93 Ark. 125, relied on by appellee, the complaints were made immediately after the accident. Here they were too remote, and made, moreover, as the proof shows, after appellee had decided upon a suit against appellant. 105 N. Y. 294, 59 Am. Rep. 506; Jones on Evidence (2 ed.), § 349; 16 L. R. A. 436.

2. Instruction No. 1, given by the court, errs in requiring the highest degree of care. That rule applies only to appliances and machinery. See 65 Ark. 255; 111 N. Y. 488; 48 N. Y. Supp. 630.

3. There is no proof, nor any suggestion of proof, that cantaloupe seed on the steps of the car caused appellee's feet to slip, and there was therefore no evidence on which to base the fourth instruction. 88 Ark. 454; *Id.* 594; 89 Ark. 279; 5 Crawford's Dig., 1679, § 63, *et seq.*

4. The court erred in refusing to give instruction 8, requested by appellant. Without this instruction, an absolute duty was imposed on appellant to remove the seed. Surely, the jury ought not to have been left to infer that the mere presence of the seed on the steps would constitute negligence. 2 White on Personal Injuries, § 681; 64 N. J. L. 707, 50 L. R. A. 470, 46 Atl. 710; 159 Pa. 364, 28 Atl. 140; 113 Pa. 300; 11 Del. C. Rep. 242; 27 Ind. App. 500; 69 Atl. 338, 15 L. R. A. 523; 79 N. E. 1094; 35 L. R. A. (N. S.) 592; 179 Mass. 52, 22 Atl. 708.

5. It is the duty of train employees to exercise reasonable care to discover objects that may be placed on the steps of the coaches, but the carrier is not an insurer that such objects will not be placed or fall thereon. Constant inspection while a train is on a trip is not required, but such inspection only as the employees may reasonably give, consistent with their ordinary duties. Hutchinson on Carriers, § 957; 97 N. E. (Mass.) 624; 64 N. J. L. 702; White on Pers. Injuries, § 681.

*J. O. A. Bush,* for appellee.

1. The first question, the answer to which would tend to bring out any action or expression on the part of appellee tending to show pain, was asked by appellant's counsel. Testimony subsequently brought out by appellee, of the same character, can not now, even if incompetent, be objected to by appellant. 75 Ark. 251; 86 Ark. 489; 88 Ark. 489.

But this testimony was competent. 55 Ark. 258; 93 Ark. 125; 75 U. S. 397, 19 Law. Ed. 439.

2. Appellee's testimony as to how the accident occurred is not denied, neither is the testimony of Mrs. Alston that she saw a pile of cantaloupe seed on the step of the car disputed. It is patent that the injury occurred in the operation of appellant's train. It is liable *per se.* Kirby's Dig., § 6773; 63 Ark. 636; 33 Ark. 816; 49 Ark. 535; 57 Ark. 137; 80 Ark. 19; 73 Ark. 548. There is no error in the instructions.

McCULLOCH, C. J. The plaintiff, Mrs. Thomas, claims to have received personal injuries while she was

getting off one of defendant's trains, and sues to recover compensation for the injuries. She took passage on the train at Tokio and went to McCaskill, which was the station nearest to her home, and after the train came to a stop, while she was getting off, her foot slipped, and she fell against the step, injuring her back. The jury awarded damages in the sum of $500.

She testified that after the train came to a stop she walked out on the platform and down the steps and that as she went to step on the box which had been set on the ground by the porter or brakeman in a slanting position her foot slipped from the step of the car and that the box, proving to be an insecure or unstable footing, she fell against the steps and injured her back.

Another witness, who was present and saw her get off, said that there was a bunch of cantaloupe seed on one of the steps and that Mrs. Thomas slipped and fell.

The defendant made no serious contention that the plaintiff did not slip and, perhaps, receive some slight injury; but it denied the charge of negligence, and also denied that the plaintiff received any substantial injuries. Most of the proof was directed to the last mentioned question concerning the extent of the injuries. There is an assignment of error in the admission of testimony directed to that issue. It is contended that the court erred in permitting a witness to testify concerning complaints made by the plaintiff two weeks after the alleged injury.

(1-2) The law is settled, we think, by the authorities cited on the respective briefs of the parties that involuntary exclamations indicating pain are admissible, whether uttered at the time the injury occurs or afterward. They are in the nature of verbal acts which go to the jury for what they are worth. On the other hand, it is equally well settled that statements of the injured party merely by way of narrative are purely hearsay, and come within the rule against the admissibility of self-serving declarations.

(3)   When the testimony of the witness is examined as a whole, it is clear, we think, that she testified to the plaintiff's "complainings" merely as involuntary exclamations of pain and, as such, they were competent to be considered by the jury in determining the extent of plaintiff's suffering.

Another assignment relates to an instruction given by the court, as follows:

"You are instructed that in the operation and management of its trains the defendant owes its passengers the highest degree of care which a prudent and cautious man would exercise reasonably consistent with its mode of conveyance and the practical operation of its trains."

It is contended that ordinary care is the requirement with respect to a passenger getting on or off a train.

But we have held otherwise in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Woods,* 96 Ark. 311, where it was said:

"The higher degree of care is exacted only during the time in which the passenger has given himself wholly in charge of the carrier, while on the train or getting on or off, for then only is the passenger subjected to the peculiar hazards of that mode of travel against which the carrier must exercise the highest degree of skill and care."

That, indeed, amounts only to ordinary care, which increases in proportion to the danger. *Railway Co.* v. *Sweet,* 60 Ark. 550.

Error is assigned in refusing to give Instruction No. 8, which reads as follows:

"Unless the greater weight of the evidence shows that the defendant's trainmen knew of the presence of the cantaloupe seed on the steps of defendant's car, and negligently failed to remove them within a reasonable time after such knowledge, or that the seed had been on the steps of said car for a sufficient length of time as that such trainmen, acting as reasonably prudent persons, ought to have discovered them within the time they had been there, you should find for the defendant on the alle-

gation that the defendant negligently allowed cantaloupe seed to be on its steps.''

(4)    That instruction lays down the correct rule for measuring the degree of care; but we are of the opinion that there was no prejudice in refusing to give the instruction, for the reason that there was no attempt to show that cantaloupe seed had been on the steps for so short a time that the trainmen had no opportunity to discover its presence there.    The box step had been placed there by some of the trainmen immediately before the plaintiff debarked and the opportunity of the trainmen to discover the presence of the seed was entirely within their knowledge.    If it had been shown that the seed were on the steps so short a time that warranted the jury in finding that there was no negligence in failing to discover the condition, then this instruction would have been applicable; but in the present state of the case we do not see how it could have affected the verdict.    The refusal to give it was, therefore, not prejudicial.

Another assignment relates to refusal of the court to give an instruction (No. 11) as to the burden of proof being on the plaintiff.

But the refusal to give the instruction was not prejudicial, because the court gave another instruction at the instance of defendant, telling the jury that ''unless the plaintiff has shown by a greater weight of the evidence that she was injured by the negligence of the defendant, your verdict should be for the defendant.''

In view of that instruction, which is as favorable as the defendant could have asked, it is unnecessary for us to determine where the burden of proof rests in case of injury to a passenger under circumstances indicated in this record.

Judgment affirmed.