**GULF, C. & S. F. RY. CO. v. WILLIAMS et al.**
**(No. 569-4030.)**

(Commission of Appeals of Texas, Section A. Jan. 28, 1925.)

**1. Carriers ⊕⊃286(8)—Railroad company required to use a high degree of care to keep its passenger depots warm and comfortable only where weather conditions so require.**

Under Rev. St. art. 6591, and Vernon's Sayles' Ann. Civ. St. 1914, art. 4553a, rule 52, relating to duty of railroad company to keep depots properly heated, the necessity of artificial heat being dependent on weather conditions, no greater duty is required of a railroad than to use that high degree of care to provide warm and comfortable depots where necessary for the comfort of its passengers that a very cautious and prudent person would use under similar circumstances.

**2. Carriers ⊕⊃321(23)—Instruction as to duty to heat depots held error.**

Instructions, directing finding for plaintiff if defendant failed during cold and chilly weather to keep waiting room warm for one hour before arrival of train or if it so failed to furnish heat at other time while depot was kept open for accommodation of public, *held* error, where evidence as to necessity of heat was conflicting.

**3. Carriers ⊕⊃286(8)—Railway company which keeps waiting rooms open for accommodation of public at times other than required by statute held charged with duty of keeping them warm when necessary.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 4553a, rule 52, does not require railway companies to keep passenger waiting rooms open and warmed at any times other than required by Rev. St. art. 6591; but, if such rooms are kept open for accommodation of public at times other than as required, the railway company must use care to keep heated when necessary to prevent injury to those lawfully occupying them.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by Dora B. Williams and husband against the Gulf, Colorado & Santa Fé Railway Company and another. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (251 S. W. 553), and the defendant named brings error. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, and McMahon & Dohoney, of Greenville, for plaintiff in error.

B. Q. Evans and Evans & McCoy, all of Greenville, for defendants in error.

BISHOP, J. Defendants in error, Mrs. Dora B. Williams and her husband, having visited their daughter in Leonard, Tex., at about 4 o'clock in the afternoon of November 21, 1920, left Leonard for their home at Pecan Gap, traveling on the Missouri, Kansas & Texas Railway Company's train to Celeste, where said company and the plaintiff in error, Gulf, Colorado & Santa Fé Railway Company, maintained a joint depot. They reached Celeste about dark and entered and remained in the depot there waiting for a train of the plaintiff in error, which was due to arrive at 9:20 p. m., and by which they were conveyed to their home at Pecan Gap. They claimed that the weather was cold and chilly during the time they remained in the depot waiting for the arrival of the train, and that Mrs. Williams was made sick by reason of the failure of plaintiff in error to keep the waiting room warm, and recovered judgment in the trial court, which was by the Court of Civil Appeals affirmed. 251 S. W. 553.

In their original petition in the trial court they alleged "that it was the duty of the defendants, their agents and servants, to keep a good and warm comfortable fire in said passenger waiting room, for one hour before the arrival of trains and one hour after their departure; that said room was not kept according to such regulation by law, and that by reason of the negligence of said defendants, their agent and servants aforesaid, she was compelled to sit in said cold waiting room until her train came to take her to her destination," and also "that it was the duty of" the agent of plaintiff in error "to see that a fire is kept in said waiting room and that said room is kept comfortably warm for the benefit of the passengers who might remain therein."

The evidence shows that no fire was started in the waiting room until a few minutes before the train for which they were waiting arrived, but the testimony as to the condition of the weather was conflicting. That of some of the witnesses was that it was raining and very cold and disagreeable, while there was other testimony that it was dry and comfortably warm.

In the district court trial was had before a jury on a general charge, in which the court instructed the jury that railway companies are by law required "to keep their passenger waiting rooms warm for a period of one hour before the arrival and after the departure of their passenger trains," and "to keep their depots while open and in use for the accommodation of the public sufficiently heated when necessary to be reasonably comfortable to people in ordinary condition and state of health."

In submitting the issues of fact, the court directed a finding for the defendants in error in event the jury should find from a preponderance of the evidence that the weather was cold and chilly; that plaintiff in error failed to keep the waiting room warm for one hour before the arrival of their train; and that Mrs. Williams suffered injury as a proximate result of such failure.

⊕⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The court also directed a finding for defendants in error on a finding by the jury that the depot was by plaintiff in error kept open for the accommodation of the public while the defendants in error were there waiting for the arrival of their train; that the weather was cold and chilly; that plaintiff in error failed to keep the depot so heated as to be reasonably warm and comfortable to people in an ordinary condition and state of health; and that Mrs. Williams was injured as a proximate result of such failure.

Plaintiff in error objected to the charge of the court, and on its appeal to the Court of Civil Appeals asserted the law to be that where the evidence is conflicting as to whether fire is necessary, it is error for the court to charge that the railroad company was under absolute duty to keep the waiting room warm, claiming that under such conflict the company only owed the duty to exercise diligence to provide a fire. As sustaining this contention, it cited the case of C. C. & S. F. Ry. Co. v. Turner (Tex. Civ. App.) 93 S. W. 195.

The Court of Civil Appeals in overruling this contention uses this language:

"If the waiting room was comfortably warm without artificial heat, of course no duty with respect to it rested upon appellant; but if it was not comfortably warm, then the duty rested upon appellant, not to use care to do so, but to make it comfortably warm. It was on this theory, as we understand it, that the court instructed the jury as he did * * *."

It cited Railway Co. v. Faulkner (Tex. Civ. App.) 194 S. W. 651, and says:

"The holding in the case cited that failure to comply with requirements of the statute is negligence per se seems to be in conflict with that in Railway Co. v. Turner (Tex. Civ. App.) 93 S. W. 195, but we think it is correct, and that so far as the holding in the Turner Case is to the contrary it is incorrect."

Article 6591, Revised Civil Statutes, is as follows:

"Every railroad company doing business in this state shall keep its depots or passenger houses in this state lighted and warmed, and open to the ingress and egress of all passengers who are entitled to go therein, for a time not less than one hour before the arrival and after the departure of all trains carrying passengers on such railroad; and every such railroad company, for each failure or refusal to comply with the provisions of this article, shall forfeit and pay to the state of Texas the sum of fifty dollars, which may be sued for and recovered in the name of the state in any court of competent jurisdiction, and shall be liable to the party injured for all damages by reason of such failure."

Article 4553a, rule 52, Vernon's Sayles' Ann. Civ. St. 1914, is:

"Each depot, railway coach, sleeping car, interurban car and street car while in use for the accommodation of the public shall be properly ventilated, and, if necessary, heated, and a sufficient amount of heat shall be furnished in time of need so that fresh air can be supplied without causing it to become unduly or uncomfortably cold; and the janitor, conductor, caretaker or other person in charge shall see to it that the air is replenished with fresh air from time to time as needed to prevent the same from becoming foul, unsanitary or oppressive."

[1-3] By these articles the duty to provide fire or other artificial heat is not made absolute, but depends upon the condition of the weather. If the depot is warm and comfortable without a fire, there is, of course, no requirement that it be warmed. And when, as in this case, the evidence raises an issue of fact as to whether the condition of the weather was such that the depot should have been warmed, the jury should not be instructed that the duty to keep the passenger waiting room warm was absolute. In determining whether the depot should be warmed by the means of fire or other artificial heat, the exercise of care is necessary. Neither of the above articles purport to prescribe under what conditions of weather it should be necessary to provide a fire. This is left to care and discretion. And in caring for the safety, health, and comfort of its passengers, the plaintiff in error was under the law only required to use that high degree of care that a very cautious and prudent person would use under similar circumstances. The rule is correctly stated in the case of G. C. & S. F. Ry. Co. v. Turner, supra, in language as follows:

"The controverted and pivotal issue in this case was, not whether appellant had failed to keep its depot warmed, for admittedly no effort had been made to do so, but whether the depot needed warming on the night in question. The charge given, besides being inapplicable, seems also subject to the objection that it was on the weight of the evidence, in that it instructed the jury that it was the duty of appellant 'to have heated and warmed its waiting room in its depot at Dallas, Tex., for the comfort and accommodation of its passengers for at least one hour before the arrival of its trains and * * * to keep the same in said condition for a reasonable length of time that the said trains may be late,' etc. Whether it would be appellant's duty in any case to do this would depend on whether the waiting room would need to be 'heated and warmed,' and in this case whether very cautious and prudent persons would have heated it under the same circumstances."

It is not the purpose of rule 52 to require that railway companies keep their passenger waiting rooms in depots open and warmed at any time other than that required by article 6591. However, if they should keep them open, and in use for the accommodation of the public at times other than as required by article 6591, they must use care to keep them heated when necessary to

prevent injury to those lawfully occupying them.

We recommend that the judgments of both the trial court and the Court of Civil Appeals be reversed and the cause remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the questions discussed in its opinion.