## TEXAS & P. RY. CO. v. WALLACE.
### (No. 2108.)

Court of Civil Appeals of Texas. El Paso. Feb. 9, 1928.

Rehearing Denied March 1, 1928.

**1. Carriers ⬖262—Carrier need use only the high degree of care of a cautious and prudent person for passengers' safety, health, and comfort.**

In caring for safety, health, and comfort of its passengers, a carrier is only required to use that high degree of care that a cautious and prudent person would use under similar circumstances.

**2. Carriers ⬖266—In absence of notice, carrier need only furnish toilet facilities on theory of passengers being in ordinary condition.**

Carrier need furnish only such toilet facilities for passengers as are sufficient to accommodate them, if all in ordinary condition and state of health, in absence of notice that some one of them is sick or suffering from ailment, necessitating additional toilet facilities for his use.

**3. Carriers ⬖266—It is enough for carriers to furnish one toilet for thirteen passengers, in absence of notice of passenger's abnormal condition.**

Carrier, in providing one toilet for thirteen passengers, in absence of notice that any one of them is not of ordinary health, does his duty as to furnishing sufficient accommodations.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by William Wallace against the Texas & Pacific Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

S. N. Russell, of El Paso, for appellant.

Knollenberg & Cameron, of El Paso, for appellee.

PELPHREY, C. J. Appellee, a negro, instituted this suit in the Sixty-Fifth district court of El Paso county, Tex., against appellant company alleging: (1) That he was a passenger on the train of appellant by virtue of the purchase of a first-class ticket from Shreveport, La., to San Diego, Cal.; (2) that it was the duty of appellant to furnish to negroes, while riding on its trains in the state of Texas, coaches, or compartments for their accommodation, separate from the white passengers, equal in all points of comfort and convenience with those furnished white passengers who held tickets of the same grade; (3) that it was the duty of appellant to furnish for negro passengers, holders of first-class tickets, suitable and sufficient accommodations, and to equip the coaches and compartments assigned for the use of negro passengers with toilets and water closets sufficient in size and number to accommodate the negro passengers riding therein; (4) that appellant failed in that duty as to plaintiff, in that it did not furnish suitable and sufficient toilets and water closets equal in comfort and convenience with those furnished white passengers; that it failed to furnish water closets in sufficient number to accommodate the negro passengers on its train as well as the negro employees thereon; that on the train in question there were a large number of negro passengers, besides negro cooks, porters, and waiters, and only one toilet or water closet which was available to use by them; that there were a large and sufficient number furnished for the white passengers, but that a use of any of them by appellee would have been in violation of the criminal laws of the state of Texas; (5) that the appellant's failure to furnish sufficient toilet accommodations to plaintiff was negligence on its part; (6) that, on account of the failure of appellant to furnish sufficient toilet accommodations, appellee was unable to answer the calls of nature when it was necessary for him to do so, and that he suffered great pain from locked bowels and a paralyzed bladder; that his bladder became irritated, causing cystitis, which in turn irritated his prostrate gland and kidneys; (7) that appellant was aware of his condition, but failed and neglected to furnish him medical attention; (8) that he incurred expenses for medical treatment, and lost three

---

⬖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

months' time from his business, besides having his earning capacity permanently impaired. He prayed for $5,000 actual damages and $5,000 pecuniary damages.

Appellant answered by a general demurrer, special exceptions, and a general denial.

The case was tried before the court without the intervention of a jury, and resulted in a judgment in favor of appellee for $50 actual damages and $250 punitive damages.

The court, at the request of appellant, filed the following findings of fact and conclusions of law:

### "Findings of Fact.

"(1) I find as a fact that the plaintiff was a passenger on the defendant's railroad, as alleged, at the time alleged.

"(2) That he had taken laxative or purgative on the 10th of August, and that he was required to go to the toilet frequently, and did go to the toilet frequently from about midnight of the 11th, say about three or four times, that he evacuated and passed urine.

"(3) That about daybreak, coming into El Paso, it became necessary for him to go to the toilet on his car, and that the toilet was occupied so continuously that it was necessary for him to go to the baggage car for relief, and that the delay caused by not getting to the toilet irritated the pre-existing condition, and aggravated the pre-existing condition, and caused him temporary suffering.

"(4) That he never made any request of any other passenger or any of defendant's employees to permit him to go in ahead of them.

"(5) That the facilities on the car in question were inadequate. That there were 7 employees, and not less than 6 passengers using this toilet. That men and women passengers used this toilet. That the equipment on the train was well known to the defendant, and that it was inadequate, and that such negligence has authorized the finding in this case of punitive damages.

"(6) I find that he could have gotten into the toilet, after a small delay, by requesting passengers or employees to permit him to enter ahead of them.

"(7) That the ordinary number of negro passengers on this train to El Paso from Big Spring, is 4, besides 7 employees who must use this toilet. That there was approximately 51 white passengers on this train, who had access to three toilets, 17 to a toilet, about 13 negroes having access to one toilet.

"(8) I conclude that it was negligence of the defendant to have insufficient commodes and toilets, and that negligence was the proximate cause of the suffering and pain of the plaintiff, to the extent of $50.

### "Conclusions of Law.

"(1) That defendant is liable for the damages proximately caused by their negligence; and (2) liable for exemplary damages in view of the inadequate equipment."

From that judgment this appeal is brought.

### Opinion.

Among its other assignments, appellant assigns error to the action of the court in rendering judgment for appellee, contending that the evidence is undisputed that the accommodations and toilet facilities provided by appellant for the negro passengers were the same, or better, than those provided for the white passengers, and that the toilet facilities were amply sufficient for the use of appellee and the other negro passengers and the negro employees on the train.

Article 6417, § 1, Revised Statutes, reads as follows:

"Every railway company, street car company, and interurban railway company, lessee, manager, or receiver thereof, doing business in this state as a common carrier of passengers for hire, shall provide separate coaches or compartments, as hereinafter provided, for the accommodation of white and negro passengers, which separate coaches or compartments shall be equal in all points of comfort and convenience."

The same article provides a penalty for failure to furnish such separate coaches or compartments.

The court found that there were 13 negro passengers and employees on the train at the time in question, and that only one toilet was accessible for their use, while there were 51 white passengers who had access to three toilets. · This finding was supported by the evidence, and was, in effect, a finding that the negro coach was at least equal in point of toilet facilities with the coaches for the white passengers.

[1] In caring for the safety, health, and comfort of its passengers, a common carrier is under the law only required to use that high degree of care that a cautious and prudent person would use under similar circumstances. Gulf, C. & S. F. Ry. Co. v. Williams (Tex. Com. App. Sec. A.) 268 S. W. 149; Gulf, C. & S. F. Ry. Co. v. Conley et ux., 113 Tex. 472, 260 S. W. 561.

In Gulf, C. & S. F. Ry. Co. v. Williams, supra, the trial court charged the jury that it was the duty of the railway company to keep its depot so heated as to be reasonably warm and comfortable to people in ordinary condition and state of health. This case was reversed by the Commission of Appeals, but the reversal was based on the theory that the court erred in charging the jury that it was the duty of the railway company to keep its waiting room heated, regardless of the condition of the weather.

[2] We think, in the absence of any showing that a passenger was sick or was suffering from some ailment which necessitated additional toilet facilities for his use, and that notice was given to the carrier of such condition, the duty of the carrier is limited to providing toilet facilities for its passengers sufficient to accommodate them, and, in calculating upon their needs, is justified in providing such facilities for them on the

theory that they are all in ordinary condition and state of health.

In the present case, appellee, according to his own testimony, by reason of his having taken a laxative, or by reason of some condition peculiar to him, was not in an ordinary state of health, and, as a consequence of such medicine or condition, needed more than ordinary facilities.

Appellant had no notice of his condition, at least until after he had suffered the injuries complained of.

[3] The trial court found that the facilities furnished were inadequate, and that the appellant was negligent in failing to furnish more toilet facilities to the negro passengers on the train.

We are of the opinion that the evidence in this case does not support that finding. We will agree that the condition of appellee was such as to render the facilities inadequate as far as he was concerned, but, his condition being an abnormal one, and the appellant having no notice of such condition, we cannot agree that it was negligence on its part to provide for such a contingency.

We think one toilet is sufficient to accommodate the needs of 13 people in ordinary state of health, and that a very cautious and prudent person who was providing toilet facilities for 13 people of ordinary health would provide no more.

Appellee has cited, among other authorities, Henderson v. G. H. & S. A. R. Co. (Tex. Civ. App.) 38 S. W. 1136, as supporting his recovery in this case.

In that case no toilet facilities were furnished, and we cannot see how it can be applicable to the facts of the case before us.

Believing that the evidence fails to show any negligence on the part of appellant, the judgment of the trial court is reversed, and judgment here rendered that appellee take nothing by his suit.

Reversed and rendered.